UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VELOCITY INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00438-JPH-MKK |
| | ) | |
| MARCUS L. PECK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Marcus Peck removed this case to federal court in March 2025. Dkt. 1. Because the state court complaint did not appear to allege any violation of federal law or the federal constitution, the Court ordered Mr. Peck to show cause why it should not be remanded for lack of subject-matter jurisdiction. Dkt. 6. Mr. Peck has now responded to that order. Dkt. 7.

First, Mr. Peck argues that federal question jurisdiction is proper under the *Grable* test, as he alleges Plaintiff has violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") and those "federal issues are inextricably intertwined with the core allegations" and therefore confer jurisdiction.[1] Dkt. 7 at 2.

Under *Grable*, "federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-

---

[1] Mr. Peck also cites to *LVNV Funding LLC v. Boyles*, 99 N.E.3d 581, 588 (Ind. Ct. App. 2018), regarding notice and chain of title requirements, but the Court cannot locate any case with that name and citation.

state balance authorized by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). This exception "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312. In practice, "[f]ederal jurisdiction is rarely established on this basis." *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 860 (7th Cir. 2018).

Here, the state court complaint alleges that Mr. Peck entered into a contract for a personal credit line, made draws on the credit line, and is in default of his repayment obligation. Dkt. 1-2 at 8. It does not involve the type of substantial, necessarily raised, and actually disputed federal issue required to confer federal jurisdiction under *Grable*. *See Gunn*, 568 U.S. at 258. While Mr. Peck argues that the underlying case implicates the FDCPA and FCRA, "[i]t does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). To qualify under *Grable*, it must be "impossible to decide" the state law question without also deciding a federal law question, and that is not the case here. *See Hartland Lakeside Joint No. 3 School Dist. V. WEA Ins. Corp.*, 756 F.3d 1032, 1035 (7th Cir. 2014).

Second, Mr. Peck argues that removal is proper where "Federal law completely preempts state law, or [t]he state law claim is a 'disguised federal claim.'" Dkt. 7 at 4. In support, he cites *Beneficial Nat'l Bank v. Anderson*, which held that the National Bank Act provided "an exclusive federal cause of action for usury against national banks" and therefore preempted any state usury laws. 539 U.S. 1, 10 (2003). But neither the FDCPA nor the FCRA provides an "exclusive federal cause of action" for debt collection practices, and so there is no similar preemption concern here. 15 U.S.C. § 1692n (noting the FDCPA's relation to state laws); 15 U.S.C. § 1681t (same as to FCRA); *see Northeastern Rural. Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.* 707 F.3d 883, 894 (7th Cir. 2013) (discussing the areas where courts have found complete preemption).

Third, Mr. Peck argues that this Court should exercise supplemental jurisdiction even if there is no federal question jurisdiction. Dkt. 7 at 4. But supplemental jurisdiction does not exist independently of federal jurisdiction. *See* 28 U.S.C. § 1367(a) (noting that district courts "shall have supplemental jurisdiction" in "any civil action of which the district courts have original jurisdiction"); *Lyons v. Morris*, 835 Fed. App'x 136, 137 (7th Cir. 2021) (unpublished) ("[A] district court cannot exercise supplemental jurisdiction over state-law claims unless a federal claim is also 'properly brought' before it.").

Fourth, Mr. Peck argues that "a plaintiff may not evade federal jurisdiction by omitting federal law elements that are essential to its claim" and that Plaintiff is engaged in "forum manipulation." Dkt. 7 at 5. But, as

explained above, there is no federal issue essential to Plaintiff's claim in a way that would confer federal jurisdiction.  And "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum."  *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

Last, Mr. Peck states that he is "asserting federal rights of due process, notice, and fair reporting – and has nowhere else to vindicate these rights effectively."  Dkt. 7 at 5.  But Mr. Peck does not explain why he cannot vindicate his rights in state court.  *See, e.g., Spears v. Brennan*, 745 N.E. 2d 862 (Ind. Ct. App. 2001) (state court adjudication of FDCPA claim); *Rhines v. Norlarco Credit Union*, 847 N.E.2d 233, 238 (Ind. Ct. App. 2006) (state court adjudication of claim involving FDCPA, noting that defendant could have brought FDCPA counterclaim or separate federal lawsuit); *Akinlemibola v. Nat'l Collegiate Student Loan Trust 2007-1*, 205 N.E. 3d 1014, 1015 (Ind. Ct. App. 2023) (state court adjudication of claim involving FDCPA and FCRA counterclaims).

For the above reasons, the Court does not have subject matter jurisdiction over this case.  Accordingly, this case must be **REMANDED** to Hendricks Superior Court.

**SO ORDERED.**

Date: 7/8/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

MARCUS L. PECK
3180 Emmaline Drive
Brownsburg, IN 46112-5806

All electronically registered counsel